UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-8055-BER

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

ALAN EDWARD CRAMER,

                Defendant.
_____/

## CRIMINAL COVER SHEET

1.     Did this matter originate from a matter pending in the Miami Office of the United States Attorney's Office prior to July 20, 2008?

        Yes        X **No**

2.     Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office (West Palm Beach Office) only prior to December 18, 2011?

        Yes        X **No**

3.     Did this matter originate from a matter pending in the Fort Pierce Office of the United States Attorney's Office prior to August 8, 2014?

        Yes        X **No**

                              Respectfully submitted,

                              MARKENZY LAPOINTE
                              UNITED STATES ATTORNEY

                      BY: _____
                              JOHN C. McMILLAN
                              ASSISTANT UNITED STATES ATTORNEY
                              Admin. No. A5500228
                              500 S. Australian Ave., Suite 400
                              West Palm Beach, FL 33401
                              Office:  (561) 820-8711
                              John.mcmillan@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>ALAN EDWARD CRAMER,<br><br>*Defendant(s)* | )<br>)<br>) Case No. 24-8055-BER<br>)<br>)<br>) |

FILED BY ___TM___ D.C.

Feb 15, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____August 5, 2023,_____ in the county of ___Palm Beach___ in the ___Southern___ District of ___Florida___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 922(g)(1), 924(a)(8) | Felon in Possession of Firearms and Ammunition |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Darrell L. Stephens, Special Agent, ATF
*Printed name and title*

Subscribed and sworn to before me in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (Facetime).

Date: February 15, 2024

*Judge's signature*

City and state: ___West Palm Beach, Florida___   Bruce Reinhart, United States Magistrate Judge
*Printed name and title*

**AFFIDAVIT**
**OF**
**Darrell L. Stephens**
**SPECIAL AGENT**
**BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES**
**Case No. 24-8055-BER**

Your affiant, Darrell L. Stephens, first being duly sworn, do hereby depose and state as follows:

1. Your affiant, Darrell L. Stephens is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and has served in that capacity since December 2015. I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. In my capacity as an ATF Special Agent, I have received specialized training and experience in the investigation of federal firearms offenses.

2. This affidavit is submitted in support of an Application for a Criminal Complaint and an Arrest Warrant for **Alan Edward Cramer (hereinafter "CRAMER")**, for violating federal law, that is, possession of a firearm and ammunition as a prohibited person – convicted felon, contrary to Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

3. Prior to my service as an ATF Special Agent, I spent ten years as a certified law enforcement officer in Georgia. That period included time as a narcotics detective for the Clayton County Police Department in the Metro-Atlanta area. I also served as a road patrol officer in Clayton County and for the Hapeville Police Department in Hapeville, Georgia. Prior to serving with those two police departments, I was employed as a campus police officer with the Georgia Institute of Technology. I was terminated in January 2008 for untruthfulness and conduct unbecoming of an officer. I appealed my termination and an Impartial Board of Review unanimously recommended that I be reinstated to my position as a campus police officer. The

Board of Review determined that I was not untruthful, and the grounds of my termination were unfounded. The recommendation, however, was overruled by the institution's president despite the factual findings and unanimous decision by the Impartial Board of Review. Furthermore, the Georgia Peace Officers Standards and Training Counsel investigated my termination and determined there were no grounds for the revocation of my certification as peace officer. Prior to becoming a campus police officer, I was employed as a detention officer with the Lowndes County Sheriff's Office in Valdosta, Georgia. I am also a graduate of Valdosta State University, from which I obtained a bachelor's degree in Criminal Justice.

4. The following facts are based upon information relayed to me by other members of law enforcement, information obtained from expert reports, documents, and information derived from law enforcement sources and databases. This affidavit is submitted for the limited purpose of establishing probable cause and does not include every detail known to me about the investigation.

**Probable Cause**

5. On August 5, 2023, members of the Florida Highway Patrol, Jupiter Police Department and the Palm Beach Gardens Police Department investigated a domestic violence incident involving CRAMER and his father, SC.

6. SC advised that while he and his son CRAMER were driving northbound on I-95 a verbal argument ensued. During the argument his son (CRAMER) struck him (SC) in the face and demanded he pull the vehicle over. SC parked the vehicle in the parking lot of 920 W. Indiantown Road, Jupiter, Florida, 33458. Once the vehicle came to rest CRAMER proceeded to break the key off in the ignition, take SC's cellphone and flee the area. SC went into a nearby store to call the police. Officers from the Jupiter Police Department (JPD), Palm Beach Gardens Police

2

Department (PBGPD), and the Florida Highway Patrol (FHP) all responded to SC's location. After interviewing SC and observing visible injuries to his face, the responding officers determined that probable cause existed to take CRAMER into custody and charge him with Battery on a person over 65 years old in violation of Florida Statute 784.08(2)(c).

7. During the investigation JPD officer Lorenzo asked VC, CRAMER'S mother, to telephone her son to see if he would speak to law enforcement. During the call, VC had CRAMER on speaker phone and CRAMER was overheard telling his mother, "Let them put a warrant on me, I have guns." These claims were corroborated by CRAMER'S father SC. SC told officers he had seen his son in possession of two different firearms. One being an AR-15 style rifle and the other a shotgun. SC advised that the firearms are most likely under the futon located in CRAMER's bedroom in the residence he shared with his father located at 4320 Union Square Blvd., Unit 144, Palm Beach Gardens, Florida. During the phone conversation CRAMER eventually gave up his current location which was approximately a mile away in the area of Mohawk Street and South Caloosahatchee Avenue. Officers responded to CRAMER'S location. Once on scene officers took CRAMER into custody and transported him to the Palm Beach County Jail.

8. Based on the information officers received about the firearms, officers sought and obtained a state search warrant. On August 5, 2023, at approximately 23:36 hours, search warrant number PBG_2023_000076, was approved by the Honorable Judge James Martz of the 15th Judicial Circuit, in Palm Beach County, and served at the residence located at 4320 Union Square Blvd., Unit 144, Palm Beach Gardens, Florida, an area your affiant is aware is located in Palm Beach County and the Southern District of Florida. During the execution of the warrant officers located a H&R Pardner 20-gauge pump shotgun (S/N NZ716971)(hereinafter "the shotgun") loaded with six (6) shotgun shells and a CBC 715T .22 caliber rifle (S/N

3

EMA3628041)(hereinafter "the rifle"), which externally resembles an AR-15 style rifle, and which was found to be loaded with eleven (11) rounds. Officers also located a white powdery substance in a small plastic bag identified as suspected cocaine and two small plastic bags with white powdery residue were found in the trash can next to the bathroom door. All of the foregoing items were found in the bedroom occupied by CRAMER, as identified by his father SC. Additionally, correspondence addressed to CRAMER while the defendant was previously in state Department of Corrections custody was found in the same room as the firearms and ammunition. Officers also located a white rock-like substance suspected to be crack cocaine in a small plastic bag on top of the nightstand on the left side of the bed. All substances and residues were tested with individual Sirchie Nark Cocaine ID swipes, for which a new wipe was used for each substance and gave a presumptive positive indicator by turning blue. Therefore, CRAMER was arrested for the state offenses of felon in possession of a firearm and Possession of a Controlled Substance, in violation of Florida Statutes 790.23(1)(A) and 893.13, respectively.

9. On Wednesday August 9, 2023, DNA Search Warrant PBG_2023_000080 was approved by the Honorable Judge Miller of the 15h Judicial Circuit in Palm Beach County, Florida. The warrant authorized the seizure of CRAMER'S DNA. The warrant was executed on August 10, 2023, at approximately 11:45 hours at the Palm Beach County Main Detention Center. The DNA swabs taken from CRAMER containing his known DNA standard were thereafter submitted to the Palm Beach Sheriff's Office (PBSO) Lab for analysis against swabs taken from the firearms found during the search warrant.

10. The DNA comparison analysis conducted by the PBSO Crime Laboratory yielded the following results: The DNA profile obtained from the buttstock of the rifle is approximately 66 times more likely if it originated from CRAMER and two unknown, unrelated individuals, than

three unknown, unrelated individuals. The DNA profile obtained from the grip and trigger is approximately 5E27 (5 octillion) times more likely if it originated from CRAMER than if the DNA originated from an unknown, unrelated individual. The DNA profile obtained from the hand guard is approximately 1E18 (1 quintillion) times more likely if it originated from CRAMER and two unknown, unrelated individuals than if the DNA profile obtained originated from three unknown, unrelated individuals.

11. The analysis of the shotgun yielded the following: The DNA profile obtained from the buttstock of the shotgun is approximately 1E25 (100 sextillion) times more likely if it originated from CRAMER and an unknown, unrelated individual than if the DNA profile obtained originated from two unknown, unrelated individuals. The DNA profile obtained from the grip/trigger of the shotgun is approximately 1E23 (1 sextillion) times more likely (very strong support) if it originated from CRAMER and an unknown, unrelated individual than if the DNA profile obtained originated from two unknown, unrelated individuals. The DNA profile obtained from the pump of the shotgun is approximately 2E27 (2 octillion) times more likely if it originated from CRAMER and an unknown, unrelated individual than if the DNA profile obtained originated from two unknown, unrelated individuals.

12. Certified Criminal History Records obtained from the Palm Beach County Circuit Court (PBCCC) establish that CRAMER all times material here, that is, prior to August 5, 2023, CRAMER was possessed of the following felony criminal convictions, each of which was punishable by imprisonment for a term of one year under Florida law:

    a. On or about October 17, 2014, the defendant was convicted in PBCCC Case No. 2014CF001631AXXXWB for the offense of Tampering with a witness, victim, or informant, in violation of Florida Statute 914.22(1), a Third degree felony;

5

b.  On or about October 17, 2014, the defendant was convicted in PBCCC Case No. 2013CF005182AXXXMB for the offenses of Aggravated Assault with a Firearm, in violation of Florida Statute 784.021(1)(A), and Shooting into a Building, in violation of Florida Statute 790.19, Third and Second Degree Felonies, respectively;

c.  On or about July 3, 2012, the defendant was convicted in PBCCC Case No. 2011CF005165AXXXMB for the offenses of Robbery, in violation of Florida Statute F.S.S. 812.13 (1) and (2)(c), and Aggravated Assault with a Deadly Weapon in violation of Florida Statute 784.021(1)(A), Second and Third Degree felonies, respectively; and

d.  On or about December 14, 2009, the defendant was convicted in Martin County (Florida) Circuit Court, Case No. 2008CF1823A, for the offense of **Possession of a Firearm or Ammunition by a Convicted Felon**, in violation of Florida Statute 790.23(1)(a), a Second Degree Felony, which placed CRAMER on clear notice of his status as a convicted felon, and that it was unlawful for him to possess firearms and ammunition.

13.  On January 17, 2023, ATF Resident Agent in Charge (RAC) and Firearms Nexus Expert Michael F. Kelly examined photographs of the firearm and ammunition seized in this investigation by the Palm Beach Gardens Police Department. RAC Kelly confirmed that the rifle and shotgun along with the 17 rounds eleven .22 caliber and six 20 gauge) rounds of ammunition were manufactured outside the state of Florida, and that therefore, by their subsequent recovery in the State of Florida, such items had of necessity traveled in and affected interstate and/or foreign commerce.

14. Based upon the above facts and information, I submit there is probable cause to believe that CRAMER violated federal law, that is, possession of a firearm and ammunition by a prohibited person – convicted felon, in violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(8).

FURTHER YOUR AFFIANT SAITH NAUGHT

Respectfully Submitted,

Darrell L. Stephens
Special Agent, ATF

ATTESTED TO ME TELEPHONICALLY
(VIA FACETIME) BY THE APPLICANT
IN ACCORDANCE WITH THE REQUIREMENTS
OF FED. R. CRIM. P. 4.1 THIS __15th__
DAY OF FEBRUARY, 2024.

**BRUE REINHART**
**UNITED STATES MAGISTRATE JUDGE**

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Alan Edward CRAMER

**Case No:** 24-8055-BER

**Count #: 1**
**Possession of Firearms and Ammunition by a Convicted Felon**
**Title 18, United States Code, Sections 922(g)(1), 924(a)(8)**

* **Max. Term of Imprisonment: Fifteen** (15) years
* **Mandatory Min. Term of Imprisonment (if applicable):** not applicable
* **Max. Supervised Release:** Three (3) years
* **Max. Fine:** $250,000.00
* **Special Assessment:** $100.00
* **Immigration Consequences:** Removal (deportation) upon conviction if defendant is a non-